S. B. PENICK & COMPANY, PROSECUTOR, v. DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAX AND FINANCE, RESPONDENTS.

Submitted January 22, 1947—Decided April 11, 1947.

Before Justices BODINE and WACHENFELD.

For the prosecutor, *Carpenter, Gilmour & Dwyer* (*Patrick A. Dwyer*).

For the respondents, *Charles A. Rooney* and *Edward M. Malone.*

The opinion of the court was delivered by

BODINE, J. The prosecutor of this writ is a Delaware corporation. Its principal office is located in New York City. It owns and operates under permission of this state several plants here situate.

This case affects an assessment upon the personal property assessed for the year 1944 in the plant at 1258 Brunswick Street, Jersey City. The State Department of Taxation and Finance affirmed an assessment of $250,000.

It was the contention of the prosecutor that the true value of the machinery and equipment of the plant was $5,840 and that the true value of the taxable inventory at the plant was the sum of $141,748.26. The testimony is uncontradicted that the average value of the inventory during the assessment year was the sum of $425,244.79. Of this inventory, 65.87 per cent. was imported from abroad by the prosecutor and remained in the original packages at all times until in that condition it was sold or distributed in accordance with the directions received from the New York office.

It has been established, in this state, that goods imported from a foreign country are not subject to taxation while they remain in the hands of the importer in the original packages. *Gerdan* v. *Davis, Collector,* 67 *N. J. L.* 88.

Under the proofs in this case the State Division of Tax Appeals should have reduced the assessment in accordance with the contention of the prosecutor. The rule propounded in the case cited, *supra,* had its origin in article 1, section 8, clause 3 of the federal constitution and article 1, section 10, clause 2 of the same instrument.

The law is clearly stated in *Brown* v. *Maryland,* 12 *Wheat.* 419, and was reiterated in *F. May & Co.* v. *City of New Orleans,* 178 *U. S.* 496, and again in *The Hooven & Allison Co.* v. *Evatt, Tax Commissioner,* 324 *Id.* 652.

It is the respondent's contention that there was no evidence, the basis for revising the assessment downward. This argument overlooks the state of the case and the records therein contained.

The assessment under review will be set aside with instructions that an assessment be made in conformity with the views expressed in this opinion.